ITT CONTINENTAL BAKING COMPANY, Plaintiff,

v.

UNITED STATES of America, John R. Block, Secretary of Agriculture, U.S. Department of Agriculture, and B.H. Jones, Administrator, Packers and Stockyards Administration, U.S. Department of Agriculture, Defendants.

No. 82 Civ. 5300 (KTD).

United States District Court, S.D. New York.

March 15, 1983.

Gordon A. Thomas and Craig D. Walley, Rye, N.Y., for plaintiff ITT Continental Baking Co; John H. Schafer, Michael S. Bernstein, Washington, D.C., of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendants; Jordan Stanzler, Asst. U.S. Atty., Joanne I. Schwartz, U.S. Dept. of Agriculture, New York City, of counsel.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants move herein for an order dismissing the complaint in this action for failure to exhaust administrative remedies, for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction. Because the first of these grounds requires that I grant defendant's motion, I need not address defendant's other arguments.

## BACKGROUND

On November 6, 1981, the Administrator of the Packers and Stockyards Administration, a United States government agency, filed an administrative complaint against plaintiff ITT Continental Baking Company ("ITT"), alleging a violation of the Packers and Stockyards Act. The complaint alleged, *inter alia,* that ITT was a "packer" within the meaning of the Act and had engaged in unfair trade practices during 1979 and 1980. On January 7, 1981, ITT filed an answer to the complaint, asserting that the Secretary of Agriculture lacked jurisdiction over ITT since it was not a "packer" on the date the administrative complaint was filed.[1] On July 23, 1982, the Administrator of the Packers and Stockyards Administration requested a hearing to resolve the administrative complaint. On August 11, 1982, ITT filed this action seeking to enjoin the Administrator and other defendants from proceeding with the administrative hearing.

## DISCUSSION

Defendants assert as one of the grounds for the instant motion to dismiss that plaintiff's failure to exhaust administrative remedies precludes this federal action. They urge that the Packers and Stockyards Act establishes a multi-step administrative procedure for evaluating agency assertions including (1) the issuance of an administrative complaint, (2) an oral hearing on the complaint before an Administrative Law Judge ("ALJ"), (3) an appeal from the decision of the ALJ to the Judicial Officer and (4) pursuant to the Hobbs Administrative Review Act, 28 U.S.C. §§ 2341–2351 and 7 U.S.C. § 194, review by the appropriate United States Court of Appeals. Defendants assert that these review procedures are the appropriate and exclusive vehicle for contesting the jurisdiction of the administrative agency. They contend that plaintiff should not be permitted to by-pass this "well defined" administrative procedure by initiating a judicial action prior to the exhaustion of administrative remedies.

Plaintiff, on the other hand, contends that the agency is proceeding without statutory authority because ITT was not a "packer" on the date the administrative complaint was issued and that a pure issue of statutory construction requiring no special level of expertise particular to the Packers and Stockyards Administration does not require exhaustion. Plaintiff therefore urges that *Touche Ross & Co. v. SEC,* 609 F.2d 570 (2d Cir.1979) (administrative remedies need not be exhausted prior to initiating a court proceeding asserting a lack of agency jurisdiction) and thus its federal lawsuit remains viable.

Several rationales underlie the requirement of exhaustion of administrative remedies. For example, exhaustion gives the agency an opportunity to develop the factual record of the case, it permits the application of administrative expertise to new issues, and permits the exercise of the agency's discretionary powers. *See, e.g., McKart v. U.S.,* 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). "Moreover, '[n]otions of administrative autonomy require that the agency be given a chance to discover and correct its own errors'—a practice that will protect the integrity of the administrative process and prevent litigants from flouting the agency's procedures." *Touche Ross, supra,* 609 F.2d at 574.

■ In a few narrowly defined situations, however, courts have not required exhaustion. For example, when none of the policies behind requiring exhaustion are implicated, and exhaustion would result in substantial hardship to the plaintiff, the court has agreed to review a statutory jurisdictional question. *See id.* Thus, in *Touche Ross* the plaintiff sought judicial relief challenging the SEC's authority to promulgate the rule on which the administrative complaint was proceeding. Plaintiff claimed that the SEC had exceeded its authority. The court found that in such a

1. ITT admitted, however, that it was a "packer" in 1979 and 1980, the period during which the alleged unfair trade practices are to have taken place.

situation, requiring exhaustion of administrative remedies was inappropriate because it would force the petitioner to submit to the very procedure they contended was improperly created.[2]

■ The instant case, however, does not present such a situation. Plaintiff has failed to introduce any evidence of hardship. Development of the facts in this case also may aid in the issue of determining the extent of plaintiff's continuing liability for its former division's alleged misconduct. In addition, the administrative agency's experience in determining liability also should prove helpful in interpreting the statute. Therefore, because the rationales behind the exhaustion requirement are involved, exhaustion should not be excused. Another situation excusing exhaustion is when the administrative agency is acting "plainly beyond its jurisdiction." *Id.* at 576. This latter exception, however, generally requires a specific statutory prohibition before it is implicated. *See id.* There is no such prohibition herein.

Accordingly, defendants' motion to dismiss the complaint for failure to exhaust administrative remedies is granted.

SO ORDERED.

---

**2.** *Touche Ross* went on to hold that once the agency rule is determined valid, administrative remedies must be exhausted prior to obtaining judicial review.